UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-cv-3122-JBM |
| | ) |
| ADVANCED CORRECTIONAL | ) |
| HEALTHCARE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW AMENDED COMPLAINT

Plaintiff, currently at the Danville Correctional Center filed a [10] motion for leave to file an amended complaint alleging retaliation, deliberate indifference, negligence, violations of privacy and failure to protect at the Sangamon County Jail ("Jail").  [10] is GRANTED, as the Court undertakes a merit review of the amended complaint pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On November 24, 2015, Plaintiff was arrested by the Springfield Police Department and taken to the Jail.  Plaintiff alleges a complex medical history of Lewey Body Dementia, organic brain syndrome, brain tumor, Parkinson's disease, complex partial seizure disorder and "WPW" heart disease.  The Springfield Police Department transported him with his walker but when he

1

got to the Jail, the walker was taken. Plaintiff alleges that he went without any mobility aids from November 25, 2015 to November 29, 2015.

Plaintiff complained daily to Defendant Nurses Williams, Waller and Hammett, requesting a walker and a wheelchair. He was told that walkers and wheelchairs were not allowed in the cell block and that there were no beds available on the medical cell block. On November 29, 2015, Defendant Hammett provided Plaintiff with a walker, but allegedly had him placed in solitary confinement in retaliation for his writing complaints against her.

On December 21, 2015, Plaintiff complained to Defendant Warden Beck who had Plaintiff taken out of isolation, returned to the ward and allowed to keep his walker. After being moved, Plaintiff continued to ask Defendants Hammett, Waller and Williams to put him on a medical ward where he would be allowed a wheelchair. They were allegedly untruthful when they told him there were no available beds. Plaintiff alleges that in addition to the Nurses, Defendant Beck also knew he needed placement on a medical ward but refused to provide it.

On January 24, 2016, Plaintiff was exiting the shower using his walker, when he fell. Plaintiff complained to Defendant Dr. Abraham of migraine headaches, nausea, seizures, chest pains and blackouts. It is not clear whether these were new symptoms from the fall or pre-existing. Regardless, Plaintiff claims that Defendant Abraham was deliberately indifferent as he refused to provide proper treatment or refer Plaintiff to a neurologist.

Since Plaintiff is a pretrial detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. The standard of review, however, is the same under the Fourteenth Amendment, as under the Eight Amendment. *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000).

2

Plaintiff names the Sangamon County jail, which is not amenable to suit under § 1983 which applies only to a "person" who acts under color of state law." *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir.2001). *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014), "The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983." *Wright v. Porter County,* 2013 WL 1176199, * 2 (N.D.Ind. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.) As a result, the Sangamon County jail is dismissed. *Nawrocki v. Racine County Jail*, No. 08-96, 2008 WL , at *1 (W.D. Wis. March 7, 2008).

Plaintiff alleges that Advanced Correctional Healthcare ("ACH") and the Jail, now dismissed, had an unconstitutional policy of having a corrections officer present when he met with medical or psychiatric department personnel. Plaintiff alleges this is a failure to protect his private health information, a right which may be asserted under the Eighth and Fourteenth Amendments. *Adell v. Hepp*, 14-CV-1277-JPS, 2015 WL 6680237, at *5–6 (E.D. Wis. Nov. 2, 2015). Prisoners, however, do not enjoy the right to privacy of medical information as free citizens. *Simpson v. Joseph*, 06-C-200, 2007 WL 433097, at *15 (E.D. Wis. Feb. 5, 2007), *aff'd,* 248 Fed. Appx. 746 (7th Cir. 2007) (internal citations omitted). The courts have limited prisoners' constitutional privacy rights to cases where "the medical information pertained to some 'excruciatingly' or 'intensely' private circumstance, such as an HIV positive status or transsexual identity." *Adell*, 2015 WL 6680237, at *5. Plaintiff makes no such allegations here. Furthermore, having a guard present during a medical appointment has been found not to violate a prisoner's privacy rights. *Adell*, 2015 WL 6680237, at *5–6.

To the extent that Plaintiff's claims might be construed under the Health Insurance Portability and Accountability Act ("HIPAA"), they are also denied as there is no private right of action under HIPAA.[1] *Doe v. Bd. of Trustees of Univ. of Illinois*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006). This claim, the only one against Defendant ACH, is DISMISSED.

Plaintiff also makes an undeveloped argument that Defendants failed to protect him. This claim, however, is more in the nature of failure to intervene. A prison official may be liable under § 1983 for failing to intervene in the face of unconstitutional conduct by another. "The Seventh Circuit has recognized that where an officer has a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right but fails to do so, he may be held liable." *Bey v. Pollard*, 13-952, 2014 WL 5460439, at *4 (E.D. Wis. Oct. 27, 2014) (internal citations omitted). To establish Defendants' failure to intervene, plaintiff must establish that "(i) the defendant knew of the unconstitutional conduct; (ii) the defendant had a realistic opportunity to prevent the harm; (iii) the defendant failed to take reasonable steps to prevent the harm; and (iv) the plaintiff suffered harm as a result." *Watkins v. Ghosh*, No. 11- 1880, 2014 WL 840949, at *3 (N.D. Ill. Mar. 4, 2014) (internal citation omitted).

Plaintiff does not plead any of the particulars of this claim. He does not identify the unconstitutional conduct of which Defendants allegedly knew. He does not identify which of the Defendants failed to intervene or indicate whether they had a realistic opportunity to do so. If the court assumes that the failure to intervene arose from Defendants' failure to transfer him to a medical ward, this actually pleads deliberate indifference. *See* B*rooks v. Bukowski*, 2015 WL 2265389, at *1 FN 1 (C.D.Ill. May 12, 2015) (construing failure to intervene based on deliberate indifference as a deliberate indifference claim). This claim is DISMISSED as duplicative.

---

[1] 45 C.F.R. § 164.512(e)(1)(v).

Plaintiff's negligence claim is likewise DISMISSED, as mere negligence is not sufficient to state a constitutional violation. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk."

Plaintiff states a colorable deliberate indifference claim against Warden Beck, Dr. Abraham and Nurses Williams, Waller and Hammett. He also states a retaliation claim against Defendant Hammett. The negligence, violations of privacy, and failure to protect/failure to intervene claims are DISMISSED. Defendants ACH and the Jail are DISMISSED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for Leave to Amend [10] is GRANTED.

2. This case shall proceed on Plaintiff's claims of deliberate indifference against Defendants Beck, Abraham, Williams, Waller and Hammett and retaliation against Defendant Hammett. Plaintiff's claims of negligence, violations of privacy and failure to protect/failure to intervene are DISMISSED. **Defendants ACH and the Jail are DISMISSED**. All other claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

3. Plaintiff files a [7] motion for recruitment of *pro bono* counsel in which he lists several attorneys to whom he ostensibly wrote, requesting representation. This is not adequate, however, to substantiate that Plaintiff attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F. 3d 647, 654-55 (7th Cir. 2007). [7] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 10/18/2017

                                               s/Joe Billy McDade
                                               JOE BILLY McDADE
                                       UNITED STATES DISTRICT JUDGE